UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORDSTROM, INC., | NO. |
| Plaintiff, | COMPLAINT FOR BREACH OF CONTRACT |
| v. | |
| SULTRA CORPORATION, a California corporation; MARKETPLACE SOLUTIONS, LLC a/k/a MARKET PLACE SOLUTIONS, LLC, a Wyoming corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff Nordstrom, Inc. (hereinafter, "Nordstrom") sues Defendants Sultra Corporation (hereinafter, "Sultra") and Marketplace Solutions, LLC, a/k/a Market Place Solutions LLC (hereinafter, "Marketplace"), and Does 1 through 10, for compensatory damages, by and through its attorneys of record, Williams Kastner & Gibbs PLLC, and hereby brings this Civil Action Complaint, and alleges:

**I.   PARTIES**

1. Plaintiff Nordstrom is, and at all times herein was, a Washington corporation with its principal place of business in Seattle, Washington.

2. Plaintiff is informed and believes that defendant Sultra Corporation is a

COMPLAINT FOR BREACH OF CONTRACT - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6562332.1

1  California corporation with its principal place of business in California.

2  3. Plaintiff is informed and believes that defendant Marketplace Solutions, LLC,
3  a/k/a Market Place Solutions, LLC is a Wyoming limited liability corporation with its principal
4  place of business in California.

5  4. Does 1 through 10, inclusive, are sued herein under fictitious names. Their true
6  names and capacities are currently unknown to Nordstrom.  When their true names and
7  capacities are ascertained, Nordstrom will amend this Complaint by inserting their true names
8  and capacities.  Nordstrom is informed and believes and thereon alleges that each of the
9  fictitiously named defendants are in breach of contract, or are tortiously, or otherwise legally
10 responsible in some manner for the occurrences alleged in this Complaint and for Nordstrom's
11 damages.

12 5. Nordstrom is informed and believes and thereon alleges that, at all relevant
13 times, each of the defendants, including Does 1 through 10, inclusive, were the agent or
14 employee of each of the remaining defendants and, in doing the things herein alleged, were
15 acting within the scope of that agency or employment.

16                                    **II.    JURISDICTION**

17 6. This Court has personal jurisdiction over the Defendants because the
18 Defendants are duly licensed to do business in the State of Washington and/or at all material
19 times are or have been engaged in business in the State of Washington.

20 7. Further, this Court has jurisdiction over the parties pursuant to 28 U.S.C.A. §
21 1332 because the parties to the suit are completely diverse in that none of the Defendants are
22 citizens of the same state as the Plaintiff.  The amount in controversy exceeds Seventy-Five
23 Thousand Dollars ($75,000.00), exclusive of interest and costs.

24 8. Pursuant to 28 U.S.C.A. § 1391(b)(2), venue is proper in this judicial district
25 because a substantial part of the events or omissions occurred in Washington.  The Nordstrom

COMPLAINT FOR BREACH OF CONTRACT - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6562332.1

Purchase Order Terms and Conditions at issue in this matter specifically states that "[I]f litigation arises under any purchase order or these terms and conditions, or as a consequence of any transaction contemplated or resulting from this or either party's performance or breach thereof, jurisdiction and venue of such litigation shall be exclusively in the … United States District Court for the Western District of Washington in Seattle, at the option of Purchaser [Nordstrom], and Seller [Sultra] hereby consents to such jurisdiction and venue." *See* Exhibit A, at Paragraph 20.

9. Plaintiff has satisfied all conditions precedent to the filing of this action. All of the named defendants are foreign corporations that are amenable to jurisdiction in the courts of Washington, by virtue of their respective conduct of substantial and/or systematic business in Washington.

### III.    GENERAL FACTS

**A.    The Nordstrom-Sultra Agreement**

10. Nordstrom is an American chain of luxury department stores headquartered in Seattle, Washington.

11. Plaintiff is informed and believes that Sultra is a company that sells a variety of hair related products, including hair dryers, curling rods, and styling irons.

12. In 2015 and 2016, Nordstrom purchased merchandise from Sultra pursuant to the Nordstrom Purchase Order Terms and Conditions, which governs the relationship between Nordstrom and Sultra. Attached hereto as "Exhibit A" is a true and correct copy of the Nordstrom Purchase Order Terms and Conditions ("Terms and Conditions").

13. In 2015 and 2016, Nordstrom returned merchandise to Sultra valued in excess of $100,000. Sultra, however, refused to refund the amounts Nordstrom paid for the merchandise.

14. Paragraph 5 of the Terms and Conditions provides that all merchandise

COMPLAINT FOR BREACH OF CONTRACT - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6562332.1

1  furnished under any Purchase Order may be rejected and returned to Sultra at Sultra's cost at
2  any time after resale if Nordstrom's customers are provided a refund or a credit.

3      15.     Paragraph 16 of the Terms and Conditions provides that Sultra agreed that
4  "Nordstrom, Inc. or any of its affiliates shall be entitled to exercise any rights of [Nordstrom]
5  and to make any claims and return any merchandise directly to [Sultra] pursuant to the terms of
6  any Purchase Order."

7      16.     Paragraph 15 of the Terms and Conditions provides that Nordstrom is entitled to
8  recover attorneys' fees incurred in any dispute under any Purchase Order of the Terms and
9  Conditions, whether or not litigation is commenced.

10     **B.     Successor Liability**

11     17.     Plaintiff Nordstrom hereby refers to and incorporates as though fully set forth
12  herein paragraphs 1 through 12, inclusive, of this Complaint. .

13     18.     Plaintiff is informed and believes that Marketplace is the company that
14  purchased all of Sultra's assets pursuant to an Asset Purchase Agreement between Sultra and
15  Marketplace, dated November 10, 2017, attached hereto as "Exhibit B."

16     19.     Marketplace is doing business as and has continued the business operations of
17  Sultra, including purchasing all of Sultra's assets as well as Sultra's website domain name,
18  www.sultra.com.  Marketplace also continues to sell Sultra products on www.sultra.com.

19     20.     Under the doctrine of successor liability, defendant transferee Marketplace is
20  liable for claims based on the actions of defendant transferor Sultra.

21     21.     Successor liability should be imposed because Marketplace is a mere
22  continuation of Sultra.

23     22.     Successor liability should be imposed for the reason that Plaintiff is informed
24  and believes that all of the principal assets were acquired, there was a direct sale of the assets,
25  there was an overlap of employees, and the buyer, Marketplace, held and continues to hold

COMPLAINT FOR BREACH OF CONTRACT - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6562332.1

itself out to customers as a continuation of the seller, Sultra.

23. Successor liability should be imposed for the reason that the buyer, Marketplace, expressly or impliedly assumed the seller's, Sultra's, liabilities.

24. Successor liability should be imposed because Marketplace's purchase of Sultra's assets is for the fraudulent purpose of Sultra escaping liability for its debts to Nordstrom.

## IV.   FIRST CAUSE OF ACTION

### (Breach of Contract against all Defendants)

25. Plaintiff Nordstrom hereby refers to and incorporates as though fully set forth herein paragraphs 1 through 20, inclusive, of this Complaint.

26. Nordstrom and Sultra entered into a contract, entitled "Nordstrom Purchase Order Terms and Conditions."

27. Nordstrom has performed all conditions, covenants, and promises required to be performed on its part in accordance with the terms and conditions of said contract.

28. Sultra breached the contract by failing to pay Nordstrom for the returned merchandise.

29. Nordstrom is harmed, and as a proximate result of Sultra's breach of contract, has incurred damages exceeding $100,000.

## V.   SECOND CAUSE OF ACTION

### (Common Counts against all Defendants)

### Count 1 – Open Book Account

30. Plaintiff Nordstrom hereby refers to and incorporates as though fully set forth herein paragraphs 1 through 25, inclusive, of this Complaint.

31. Nordstrom and Sultra had a financial transaction. Nordstrom paid Sultra for its products, and Sultra delivered those products to Nordstrom.

COMPLAINT FOR BREACH OF CONTRACT - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6562332.1

32. Nordstrom kept an account of the debits and credits involved in the transaction. Attached here to as "Exhibit C" is a true and correct copy of a spreadsheet identifying the damages calculations which total over $100,000.

33. Sultra owes Nordstrom the sum exceeding $100,000 on the account for the products Nordstrom returned.

34. Nordstrom has made a demand for payment, but no part of this amount has yet been paid. There is now due, owing, and unpaid the sum exceeding $100,000.

**Count 2 – Account Stated**

35. Plaintiff Nordstrom hereby refers to and incorporates as though fully set forth herein paragraphs 1 through 30, inclusive, of this Complaint.

36. Sultra owes Nordstrom the sum exceeding $100,000 from previous financial transactions. Nordstrom paid Sultra for its products, and Sultra delivered those products to Nordstrom.

37. Sultra and Nordstrom, by words or conduct, agreed that the amount stated in the account was the correct amount owed to Nordstrom.

38. Sultra promised to pay the stated amount to Nordstrom pursuant to the Terms and Conditions of the contractual agreement.

39. Sultra is obligated to pay Nordstrom the sum exceeding $100,000.

40. Sultra has not paid Nordstrom any part of the sum exceeding $100,000 owed under this account.

**Count 3 – Goods and Services Rendered**

41. Plaintiff Nordstrom hereby refers to and incorporates as though fully set forth herein paragraphs 1 through 36, inclusive, of this Complaint.

42. Sultra owes Nordstrom the sum exceeding $100,000 for goods returned.

43. Sultra became indebted to Nordstrom in a sum exceeding $100,000 for goods

COMPLAINT FOR BREACH OF CONTRACT - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6562332.1

returned to Sultra as a result of a contractual agreement between Nordstrom and Sultra. No part of this sum has been paid to date, even though written demand for payment has been made. There is due, owing, and unpaid the sum exceeding $100,000.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nordstrom prays for judgment against Defendants and each of them as follows:

1. For the award of Plaintiff's compensatory damages, in an amount to be determined at trial;

2. For the award of pre-judgment and post-judgment interest and any other costs, expenses or fees to which the Plaintiff may be entitled by law;

3. For the award of attorneys' fees and costs of suit herein incurred; and

4. For such other and further relief as the Court may deem just and proper.

DATED this 2nd day of August, 2018.

*s/Dana C. Kopij*
Dana C. Kopij, WSBA #31648
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: dkopij@williamskastner.com

***Counsel for Nordstrom Inc.***

COMPLAINT FOR BREACH OF CONTRACT - 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6562332.1